IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STONE & WEBSTER, INC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 00-2142 (PJW)<br><br>Jointly Administered |
| THE SHAW GROUP, INC.,<br><br>                  Appellant,<br><br>         - against –<br><br>THE SWE&C LIQUIDATING TRUST,<br><br>                  Respondent. | C.A. No.: 07-00616 (SLR) |

**RESPONDING BRIEF OF THE SWE&C LIQUIDATING TRUST
TO THE MOTION OF THE SHAW GROUP INC. TO
<u>SUPPLEMENT RECORD ON APPEAL [D.I. 15]</u>**

---

[1] The debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII(B) of the Third Amended Joint Plan of the Debtors in Possession, the Official Committee of Unsecured Creditors, Federal Insurance Company, Maine Yankee Atomic Power Company, and the Official Committee of Equity Security Holders with Respect to (I) Stone & Webster, Incorporated and Certain of its Subsidiaries and Affiliates and (II) Stone & Webster Engineers and Constructors, Inc. and Certain of Its Subsidiaries ("Third Joint Plan"), certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers and Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate. As of the Effective Date of the Joint Plan, all of the assets of the Consolidated SWE&C Estate were transferred to the SWE&C Liquidating Trust.

OHS West:260425923.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND CONCISE STATEMENT OF FACTS ........................................... 1

II. NATURE AND STAGE OF PROCEEDINGS .................................................................... 3

III. SUMMARY OF ARGUMENT .......................................................................................... 4

IV. ARGUMENT ..................................................................................................................... 4

V. CONCLUSION. .................................................................................................................. 6

# TABLE OF AUTHORITIES

## CASES

*Exco Resources, Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron Corp.)*,
    02 Civ. 5638 (BSJ), 2003 U.S. Dist. LEXIS 1442 (S.D.N.Y. Jan. 28, 2003) ................. 3-4

*EXDS, Inc. v. Ernst & Young LLP (In re EXDS, Inc.)*,
    316 B.R. 817 (Bankr. D. Del. 2004) ...................................................................................... 4

*In re Chambers Dev. Co.*,
    148 F.3d 214 (3d Cir 1998) ..................................................................................................... 4

*In re Neshaminy Office Bldg. Assocs.*,
    62 B.R. 798 (E.D. Pa. 1986) .................................................................................................... 3

*Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*,
    100 B.R. 152 (Bankr. D. Conn. 1989) ................................................................................... 3

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ................................................................................................................. 5

*Saudi American Bank v. Shaw Group, Inc. (In re Stone & Webster, Inc.)*,
    Civ. No. 04-834-SLR, 2005 U.S. Dist. LEXIS 7912 (D. Del. May 3, 2005) .................... 4

*United States v. Pelullo*,
    399 F.3d 197 (3d Cir. 2005) .................................................................................................... 5

## RULES

D. Del. LR 7.1.3 ............................................................................................................................ 4

The SWE&C Liquidating Trustee ("Trustee"), on behalf of the SWE&C Liquidating Trust ("Trust"), as successor-in-interest to plaintiff Stone & Webster Engineering Corporation ("SWEC"), hereby responds to the Motion Of The Shaw Group Inc. To Supplement Record On Appeal ("Motion"). In opposition thereto, the SWE&C Liquidating Trustee states as follows:

## I. INTRODUCTION AND CONCISE STATEMENT OF FACTS

The Shaw Group, Inc. ("Shaw") seeks supplementation of the appellate record with the "Debtors' Disclosure Statement" from the underlying bankruptcy case, even though Shaw did not argue the relevance of the Disclosure Statement in the bankruptcy court, did not ask the bankruptcy court to consider the Disclosure Statement before denying Shaw's Motion To Intervene and, in a final and fatal defect to its Motion, failed to ask the bankruptcy court if the Disclosure Statement would have been relevant in considering the Motion To Intervene.

Shaw's argument is a transparent ploy to attribute an irrelevant statement, lacking any foundation, to the Trust – which was not even in existence when the statement was made. To accomplish this goal, Shaw first claims that the Trust created the need to supplement:

> In its Responding Brief, the Trust for the first time rejects the admission by the Debtors' former Chief Restructuring Officer, James P. Carroll . . . . Also for the first time, the Trust criticizes Shaw for failing to cite any evidence in support of its statement that both Shaw and the Trust share the belief that Shaw did not assume the liability to SAMBA under the Asset Purchase Agreement.[2]

But, in fact, the alleged surprise is entirely of Shaw's making. In its underlying Motion To Intervene, Shaw attributed Mr. Carroll's statements *only* to the Debtors: "At all relevant times, Debtors have agreed with Shaw that it did not assume the Guaranty or Payment Letter under the [Asset Purchase Agreement] and have acted accordingly."[3] Then after repeatedly attributing the

---

[2] Motion, ¶ 7.

[3] Motion To Intervene By The Shaw Group Inc., June 29, 2007 [D.I. 61 (Case No. 00-2142 (PJW), Bankr. D. Del.)], ¶ 22 (A318.) References to page numbers beginning with the letter "A" are to the Appendix To The Opening Brief Of Appellant The Shaw Group Inc.
OHS West:260425923.1

statement to the Debtors again,[4] Shaw ascribed the statement to the Trust only in its Reply supporting intervention: "That statement is binding upon the Trust since Mr. Carroll was the Debtors' principal officer at that time."[5] Until its Answering Brief, in this Court, the Trust has had no opportunity to respond to this unsupported and insupportable argument.

Shaw does not explain anywhere – not in the underlying Reply, in its Brief to this Court, or in its Motion To Supplement – why the "Debtors'" statement (or, more correctly, the statement of a person who represented the Debtors) is binding on the Trust, which did not even exist at the time the statements were made and had no ability to contest the statement.[6]

Shaw does not stop with that sleight of hand. Shaw convolutes the argument with the fact that "the Official Committee of Unsecured Creditors, among others, were co-proponents of the Third Amended Plan and related Disclosure Statement," and that "[t]he Official Committee of Unsecured Creditors were [sic] represented in the Debtors' Chapter 11 Case by the same counsel that now represents the Trust."[7] Once again, Shaw does not bother to explain the relevance of these allegations, or cite to any authority that these allegations make the "Debtors'" statements binding on the Trust. In fact, no authority exists for Shaw's eccentric theory.

---

[4] The Shaw Group Inc.'s Reply In Further Support Of Its Motion To Intervene, July 30, 2007 [D.I. 68 (Case No. 00-2142 (PJW), Bankr. D. Del.)], ¶ 3 ("Both the Debtors and Shaw said that the liability belonged solely to the Debtors"; "contrary to the testimony of both Shaw and the Debtors"); ¶ 4 ("Shaw . . . assumed a debt despite the clear intention of both it and the Debtors to the contrary"); ¶ 10 ("the Debtors already acknowledged" (emphasis in original)) (A523-A527).

[5] Id., ¶ 10 (A528).

[6] See, e.g., Motion, Exhibit A, at 73 (providing for the creation of the Trust "on the Effective Date" of the "Third Joint Plan," only if and after creditors and the bankruptcy court approved the "Third Joint Plan").

[7] Reply Brief Of Appellant The Shaw Group Inc., April 11, 2008 [D.I. 14], at 17 and n.27.

## II. NATURE AND STAGE OF PROCEEDINGS

Shaw is appealing from the bankruptcy court's denial of Shaw's Motion To Intervene in an action by the Trust against Saudi Arabian Oil Company. By its Motion To Supplement, Shaw seeks to augment the appellate record to support an argument made in the Reply Brief Of Appellant The Shaw Group Inc. Shaw posits that the "Debtors" made a statement in the Disclosure Statement supporting the Third Joint Plan that allegedly supports Shaw's arguments on appeal, and that this statement "binds" the Trust.

## III. SUMMARY OF ARGUMENT

1. Shaw's Motion is defective because the bankruptcy court must rule in the first instance about the proper contents of the appellate record.

2. Shaw has submitted no authority for "binding" the Trust to the "Debtors'" statements, and judicial estoppel would not arise under these facts because the Debtors did not succeed in persuading a court to accept the Debtors' position.

3. The Disclosure Statement itself precludes its use in the manner that Shaw proposes.

## IV. ARGUMENT

Shaw's Motion suffers from a fatal defect: the Motion To Supplement must be directed to the bankruptcy court. *See, e.g.*, *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986) ("The Bankruptcy Court resolves disputes over the proper contents of the appellate record in the first instance." (citations omitted)); *Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989) ("I therefore conclude that the bankruptcy court should determine in the first instance whether a disputed item in a designation of record on appeal played any part in its deliberations, and that this court retains jurisdiction to consider and rule upon Metro North's objection." (citations omitted)); *Exco*

*Resources, Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron Corp.)*, 02 Civ. 5638 (BSJ), 2003 U.S. Dist. LEXIS 1442, at *13 n.3 (S.D.N.Y. Jan. 28, 2003) ("On appeal, this Court will only consider the record that was before the bankruptcy court. The Court, therefore, will disregard any argument or document that appears for the first time on this appeal . . . ."). The bankruptcy court is in the best position to decide what would have been relevant to its consideration of the Motion To Intervene.

But Shaw's Motion suffers from the even more fundamental defect that it has established neither the relevance of nor foundation for statements attributed to the "Debtors." This Court has determined already that the "Debtors'" statements are inadmissible extrinsic evidence to prove the meaning of an otherwise unambiguous contract. *See Saudi American Bank v. Shaw Group, Inc. (In re Stone & Webster, Inc.)*, Civ. No. 04-834-SLR, 2005 U.S. Dist. LEXIS 7912, at *18-*22 (D. Del. May 3, 2005).

Shaw's failure to articulate a theory for binding the Trust to a statement made by a Debtors' representative leaves the Trust only to speculate, and operates as a waiver under the Local Rules of any argument that Shaw might try to raise in reply. *See* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief"). Ignoring how the "Debtors" could bind the Trust before the Trust even sprang into existence, the only theory that comes close to that implied but left unstated by Shaw is judicial estoppel:

> Judicial estoppel, sometimes called the doctrine against the assertion of inconsistent positions, is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she previously asserted in the same or in a previous proceeding. It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from playing fast and loose with the courts.

*In re Chambers Dev. Co.*, 148 F.3d 214, 229 (3d Cir 1998) (citation omitted)); *EXDS, Inc. v. Ernst & Young LLP (In re EXDS, Inc.)*, 316 B.R. 817, 824 (Bankr. D. Del. 2004) (same).

> Judicial estoppel arises only on the satisfaction of several antecedent conditions:
>
> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*United States v. Pelullo*, 399 F.3d 197, 222-23 (3d Cir. 2005) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). Without belaboring all of the reasons why Shaw's theory is wrong, one is unalterably dispositive: The "Debtors'" did not "succeed[] in persuading a court to accept that party's earlier position."

The Debtors' statement is in a "Summary of Material Claims Litigation Matters," provided solely for the information of those who would vote on the Third Joint Plan. (*See* Motion, Exhibit A, at 18 and 23.) In fact, a prominent and early "Disclaimer" precludes the very use that Shaw proposes here:

> The information contained in this Disclosure Statement relates to the Third Amended Joint Plan . . . and is included herein for purposes of soliciting acceptances of the Third Joint Plan and may not be relied upon for any purpose other than to make a judgment with respect to, and determine how to vote on, the Third Joint Plan.
>
> [T]he statements contained in this Disclosure Statement are made only as of the date hereof, and there can be no assurance that the statements contained herein will be correct at any time after the date hereof.
>
> . . . .
>
> As to contested matters, adversary proceedings, and other actions or threatened actions, this Disclosure Statement shall not constitute or be construed as an admission of any fact or liability, stipulation, or waiver, as to any plan proponent, but rather as a statement made in settlement negotiations.

(*Id.*, at iv.) Shaw's attempt to attribute "Debtors'" statement to the Trust is wholly inappropriate.

## V. CONCLUSION.

Shaw has not made a case to supplement the appellate record. The Trust respectfully requests that the Court deny Shaw's Motion.

Dated: April 30, 2008
      Wilmington, Delaware

THE SWE&C LIQUIDATING TRUST

By: /s/ Kerri Mumford
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
Wilmington, DE 19801
Tel: (302) 467-4400
Fax: (302) 467-4450

- and -

Lorraine S. McGowen
Alyssa Englund
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0002
Tel: (212) 506-5000
Fax: (212) 506-5151

- and -

James E. Houpt
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
Tel: (916) 447-9200
Fax: (916) 329-4900

Counsel to the SWE&C Liquidating Trust

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STONE & WEBSTER, INC., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 00-2142 (PJW)<br><br>Jointly Administered |
| THE SHAW GROUP, INC.,<br><br>                      Appellant,<br><br>         - against –<br><br>THE SWE&C LIQUIDATING TRUST,<br><br>                      Respondent. | C.A. No.: 07-00616 (SLR) |

**AFFIDAVIT OF SERVICE**

STATE OF DELAWARE    )
                               ) SS
NEW CASTLE COUNTY    )

        Michael V. Girello, being duly sworn according to law, deposes and says that he is employed by the law firm of Landis Rath & Cobb LLP, attorneys for the SWE&C Liquidating Trust in the above referenced cases, and on the 30th day of April, 2008, he caused a copy of the following:

---

[1] The debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII(B) of the Third Amended Joint Plan of the Debtors in Possession, the Official Committee of Unsecured Creditors, Federal Insurance Company, Maine Yankee Atomic Power Company, and the Official Committee of Equity Security Holders with Respect to (I) Stone & Webster, Incorporated and Certain of its Subsidiaries and Affiliates and (II) Stone & Webster Engineers and Constructors, Inc. and Certain of Its Subsidiaries ("Third Joint Plan"), certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers and Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate. As of the Effective Date of the Joint Plan, all of the assets of the Consolidated SWE&C Estate were transferred to the SWE&C Liquidating Trust.

429.001-20262.DOC

**RESPONDING BRIEF OF THE SWE&C LIQUIDATING TRUST TO THE MOTION OF THE SHAW GROUP INC. TO SUPPLEMENT RECORD ON APPEAL [D.I. 15]**

to be served upon the parties identified on the attached list in the manner indicated.

_____
Michael V. Girello

SWORN TO AND SUBSCRIBED before me this 30th day of April, 2008.

_____
Notary Public

LISA B. LESSIN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Jan 28, 2010

429.001-20262.DOC

## SERVICE LIST

Stephen E. Jenkins, Esq.
Gregory A. Taylor, Esq.
Catherine A. Strickler, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
(Counsel to the Shaw Group)
*Hand Delivery*

James E. Houpt, Esq.
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(SWE&C Liquidating Trust)
*First Class Mail*

Cyrus Benson, III, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(Counsel to Saudi Arabian Oil Company)
*First Class Mail*

Lorraine S. McGowen, Esq.
Alyssa D. Englund, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(SWE&C Liquidating Trust)
*First Class Mail*

Dennis A. Meloro, Esq.
Greenberg Traurig, LLP
The Nemours Bldg.
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
(Counsel to Saudi Arabian Oil Company)
*Hand Delivery*

429.001-19754.DOC